# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Paul Peter Swehla,                                          Civ. No. 13-1919 (JNE/JJK)

Petitioner,

v.                                                          **REPORT AND RECOMMENDATION**

Denese Wilson, Warden,

Respondent.

Paul Peter Swehla, Reg. No. 32784-179, FCI-Sandstone Unit K-3, P.O. Box 1000, Sandstone, MN 55072, *pro se*.

Sarah Elizabeth Hudleston, Esq., Assistant United States Attorney, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before this Court for a Report and Recommendation on Petitioner Paul Peter Swehla's Petition for a Writ of Habeas Corpus Filed Pursuant to 28 U.S.C. § 2241 (Doc. No. 1, Pet.) and Respondent Denese Wilson's Motion to Dismiss or Transfer the Petition (Doc. No. 5). Swehla is currently confined in the Federal Correctional Institution located in Sandstone, Minnesota ("FCI-Sandstone"), and is serving a sentence for his conviction on charges of distributing morphine within 1,000 feet of a protected location. The United States District Court for the Northern District of Iowa sentenced Swehla on that crime as a career offender, and based the duration of his sentence, in

part, on Swehla's 1994 Iowa state court conviction for third-degree burglary. In his Petition, Swehla raises a collateral attack on his current federal sentence on grounds that his 1994 burglary conviction was a non-violent offense that should not have been used to impose a longer sentence on him as a career offender. Respondent asks the Court to dismiss Swehla's Petition for lack of jurisdiction, or alternatively, to construe it as a motion collaterally attacking his sentence under 28 U.S.C. § 2255, and transfer the matter to the Northern District of Iowa on grounds that we lack jurisdiction to consider it.

For the reasons explained in more detail below, this Court concludes that this District does not have jurisdiction to consider Swehla's Petition under 28 U.S.C. § 2241. Swehla has failed to show that the request for relief that he raises in his Petition falls within the narrow scope of claims that make the remedy under 28 U.S.C. § 2255 inadequate or ineffective, as would be required to bring his § 2241 Petition within this Court's authority to adjudicate. Thus, this Court recommends that the Petition be denied for lack of jurisdiction. In addition, this Court recommends that Respondent's motion to dismiss should be granted in part. To the extent that the motion requests that the Petition be dismissed for lack of jurisdiction, the motion should be granted. However, this Court concludes that Swehla's Petition should not be construed as a motion under § 2255 or transferred to the Northern District of Iowa.

What this means for Swehla is the following. His Petition is not properly before this Court, and we cannot grant him the relief he requests. He may

attempt to file a motion for relief in the District Court for the Northern District of Iowa under 28 U.S.C. § 2255.  But Swehla's collateral attack on his sentence cannot go forward in the District of Minnesota, and if the District Court agrees with this Report and Recommendation, this habeas case will be dismissed.  This Court has proposed an analysis of Swehla's claims in this Report and Recommendation for the purpose of giving the District Court an alternative ruling on this matter in the event that the District Court disagrees with the jurisdictional conclusions drawn below.  That alternative analysis of the merits is not intended to foreclose Swehla from attempting to press his claims for relief in the Northern District of Iowa or to otherwise constrain that court's analysis should Swehla choose to proceed before it.

## FACTS

In April of 2005, Swehla pleaded guilty to a charge of distributing morphine within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860, for which he is currently serving a sentence of imprisonment in the custody of the Federal Bureau of Prisons at FCI-Sandstone. *United States v. Swehla*, Crim. No. 02-2035-LRR, Doc. No. 64 (N.D. Iowa Apr. 29, 2005) (Judgment); (Doc. No. 5, Gov't's Resp. and Mot. to Dismiss or Transfer § 2241 Habeas Pet. ("Resp.") 2; *see also* Pet. 1 (listing FCI-Sandstone as Swehla's mailing address).).  Under 21 U.S.C. § 841(b)(1)(C), the maximum penalty for a conviction of distributing a controlled substance is twenty years (240 months).  21 U.S.C. § 841(b)(1)(C).  Under 21 U.S.C. § 860, another statutory

3

provision Swehla pleaded guilty to violating, if a person violates 21 U.S.C.

§ 841(a)(1), and commits the act within 1,000 feet of a school, he is "subject to

(1) twice the maximum punishment authorized by section 841(b) of [Title 21],"

which, in Swehla's case made the statutory maximum for his conviction 480

months. *See* 21 U.S.C. § 841(a). The United States District Court for the

Northern District of Iowa sentenced Swehla to 262 months imprisonment to be

followed by a six-year term of supervised release. *United States v. Swehla*,

Crim. No. 02-2035-LRR, Doc. No. 64 (N.D. Iowa Apr. 29, 2005) (Judgment).

This sentence was thus greater than the twenty-year maximum (240

month) sentence Swehla would have received under 21 U.S.C. § 841(b)(1)(C).

The sentencing court gave Swehla a longer sentence as a result of the

enhancement provided for in 21 U.S.C. § 860, and because he qualified as a

"career offender" under the United States Sentencing Guidelines (the

"Guidelines"). Under the Guidelines,

> [a] defendant is a career offender if (1) the defendant is at least
> eighteen years old at the time the defendant committed the instant
> offense of conviction; (2) the instant offense of conviction is a felony
> that is . . . a controlled substance offense; and (3) the defendant has
> at least two prior felony convictions of either a crime of violence or a
> controlled substance offense.

U.S.S.G. § 4B1.1(a). When a defendant meets the criteria under this provision

and is therefore a "career offender," the "offense level" used to calculate the

Guidelines range for his sentence generally increases. *See id.* § 4B1.1(b) ("[I]f

the offense level for a career offender from the table in this subsection is greater

than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.").  In addition, career offenders are treated under the Guidelines as having a criminal history Category VI, which can lengthen the appropriate range of sentences under the Guidelines.

Swehla's federal distribution-of-morphine case was not his first conviction. He had prior state-court convictions that were used at his sentencing to classify him as a career offender under the Guidelines.  One of those prior convictions was for third-degree burglary in 1994 in the Winneshiek County District Court in the State of Iowa.  (Pet. 3–4.)  Under the Guidelines, felony burglary convictions can qualify as the type of prior offense that is a "crime of violence" and can be used to sentence a federal defendant as a career offender.  U.S.S.G. § 4B1.2(a)(2).  Swehla and the government agreed in his federal distribution-of-morphine case that he qualified as a career offender with a criminal history Category VI and that the top end of his sentencing range would be 262 months. (*See* Pet. 3–4.)  Thus, having determined that Swehla's 1994 burglary conviction was a "crime of violence" under the Guidelines, the District Court in the Northern District of Iowa sentenced Swehla as a career offender and imposed the 262-month sentence, discussed above, which exceeded the 240-month maximum sentence that would have been applicable to his federal drug crime had it not been committed within 1,000 feet of a school.  (Pet. 3.); *see also United States v. Swehla*, 442 F.3d 1143, 1146 (8th Cir. 2006) (discussing how Swehla was sentenced as a career offender based on prior criminal history occurring in the

1990s and noting that Swehla stipulated to being sentenced within the range recommended by the government).

Years after his conviction became final, Swehla attempted to invalidate his state-court convictions in the District Court for the Northern District of Iowa. In December 2010, Swehla brought a "Petition for Writ of Error Coram Nobis," in which he argued that his state-court convictions for various crimes, including the 1994 burglary, were unlawful. *See Swehla v. State of Iowa*, Civ. No. 1:10-158-EJM, Doc. No. 1 (N.D. Iowa Dec. 16, 2010). The District Court in the Northern District of Iowa dismissed his *coram nobis* petition and entered judgment against him on June 7, 2011. *Id.*, Doc. No. 14 (Order Granting Motion to Dismiss); *id.*, Doc. No. 15 (Judgment). In his submissions in this case, Swehla has not shown that he previously raised any challenge to his federal sentence in the distribution-of-morphine case for which he is currently imprisoned. And, the record suggests that "Swehla . . . has never filed a motion to vacate, set aside or correct his [federal] sentence pursuant to 28 U.S.C. § 2255." (Doc. No. 5, Resp. 2.)

In this case, Swehla now urges the Court to issue the writ of habeas corpus on grounds that it was error for the Northern District of Iowa to use his 1994 burglary conviction to sentence him as a career offender in his distribution-of-morphine case. (Pet. 3–7.) He argues that the recent decision of the United States Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013), illustrates that his 1994 burglary conviction was not a "crime of violence" under § 4B1.2(a)(2) of the Guidelines, and, as a result, he should not have been

6

sentenced as a career offender.  (Pet. 5–6.)  Respondent contends that we lack

jurisdiction to hear Swehla's Petition under 28 U.S.C. § 2241 because he raises

a collateral challenge to the imposition of his federal sentence, which is only

permitted by motion under 28 U.S.C. § 2255.  (Resp. 3–5.)  Further, Respondent

contends that Swehla may still pursue a motion under 28 U.S.C. § 2255 in the

Northern District of Iowa and asserts that we should dismiss Swehla's Petition or

transfer it to that court for evaluation of the merits of his claims.  (*See id.* 5–6.)

## DISCUSSION

### I.     Legal Standard

Ordinarily, a federal prisoner may collaterally challenge the imposition of a

conviction or sentence only by filing a motion in the trial court under

28 U.S.C. § 2255, and not through a petition for habeas corpus under 28 U.S.C.

§ 2241.  *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).  The

distinction between the § 2255 motion and the § 2241 petition is that the former

involves a challenge to the *imposition* of a sentence while the latter involves a

challenge to the *execution* of a sentence.  *See Mickelson v. United States*, Civ.

No. 01-1750 (JRT/SRN), 2002 WL 31045849, at *2 (D. Minn. Sep. 10, 2002).

Thus, jurisdiction over § 2255 motions is limited to attacks on the validity of a

federal prisoner's conviction or sentence, and the federal courts have jurisdiction

to hear § 2241 petitions challenging the manner in which the sentence is being

administered.  *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)

("[F]ederal prisoners challenging some aspect of the execution of their sentence, such as denial of parole, may proceed under Section 2241.").

A motion before the sentencing court under § 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his conviction or sentence, except in a limited set of circumstances. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . , and not in a habeas petition filed in the court of incarceration . . . under § 2241."). These limited circumstances arise only when a prisoner's challenge to the validity of his sentence under § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255(e); *DeSimone v. Lacy*, 805 F.3d 321, 323 (8th Cir. 1986) (per curiam). A petitioner who attempts to obtain relief by a petition under § 2241 by invoking the "inadequate or ineffective" language in § 2255 (often referred to as the "savings clause") has the burden to establish that a § 2255 motion would be inadequate or ineffective. *See Desimone*, 805 F.2d at 323.

Section 2255 does not define the terms "inadequate or ineffective" as used in the savings clause. However, courts have interpreted the phrase very narrowly. To show that the remedy by motion is inadequate or ineffective, the petitioner cannot rely on the fact that there is a procedural barrier to bringing a § 2255 motion, such as a remedy being time-barred, and the petition cannot be based on the assertion that the claim was previously raised and rejected in a

§ 2255 motion.  *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091–92 (8th Cir. 2003); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000).  Nor is a motion under § 2255 inadequate or ineffective, thereby allowing a prisoner to bring his challenge in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand."  *Abdullah*, 392 F.3d at 963; *see also Hill*, 349 F.3d at 1092 (stating that a § 2255 motion is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] arguments before the sentencing court").

On the other hand, "[a] federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *Lapsley v. United States*, Civ. No. 11-20 (RHK/JSM), 2012 WL 2904766, at *7 (D. Minn. June 6, 2012).  But this does not simply mean that a prisoner can turn to § 2241 whenever the limitations that § 2255 places on the filing of motions collaterally attacking his conviction or sentence prevent him from obtaining relief.  *Davenport*, 147 F.3d at 608 (indicating that such a result would "nullify the limitations" of § 2255).  In *Davenport*, for example, one of the petitioners, Nichols, showed that the savings clause applied and that he could bring his petition under § 2241 collaterally attacking his conviction under the following circumstances: (1) he had filed a previous motion under § 2255;

(2) after he filed his first § 2255 motion, there was a change in the statute under which he was convicted and that change was not a new rule of constitutional law (had it been a new constitutional rule, he might have been able to bring a second motion in the sentencing court under § 2255(h)(2)); (3) the change in the law retroactively applied to his case; and (4) the change in the law clarified an issue of statutory interpretation that created a possibility that he was convicted of a nonexistent offense. *See id.* at 610–12; *see also Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) (explaining that the savings clause of §2255 applies to a claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion").

If the savings clause is applicable and the court has jurisdiction to consider a challenge to the validity of a sentence under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

## II.    Analysis

### A.    Challenging the imposition rather than the execution of his federal sentence

Swehla is challenging the *imposition* or *validity* of his sentence, not its *execution*, and as a result we only have jurisdiction over his Petition under § 2241 if the remedy by motion under § 2255 would be inadequate and ineffective.  Swehla claims that his sentence is unlawfully long because the sentencing court erroneously concluded he is a career offender by relying, in part, on his 1994 burglary conviction.  He is not suggesting that the Federal Bureau of Prisons is administering his sentence unlawfully, thereby increasing the duration of his imprisonment.  Instead, his attack on the legal validity of his sentence falls squarely within the ambit of a § 2255 motion.  Accordingly, § 2255 provides the only means Swehla can employ to raise his collateral challenge to the imposition of his sentence unless the "savings clause" applies.

### B.    The savings clause analysis

Swehla argues that any § 2255 motion in the sentencing court will be inadequate and ineffective because the basis for his claims did not become available until the Supreme Court decided *Descamps* in June 2013.  (Pet. 3.)  Construing his Petition liberally, Swehla apparently believes that a motion under § 2255 in the sentencing court will be inadequate and ineffective because: (1) he has previously filed such a motion and is precluded from bringing a second or successive motion under § 2255(h); and (2) the one-year statute of limitations for

11

bringing such a motion expired before the United States Supreme Court's decision in *Descamps*. (*See* Pet. 3 (referring to his "first § 2255 motion" and stating that his "claims do not satisfy the narrow standards of a second or successive petition under 28 U.S.C. § 2255(h)"); Pet. 3, 6 (referring to inability to raise a *Descamps* challenge prior to this Petition).)

### 1. Swehla's second-or-successive-motions argument

Swehla has failed to show that the remedy under § 2255 is inadequate or ineffective; this is not a case where Swehla has already filed a motion under § 2255 and is precluded from bringing another motion in the sentencing court by § 2255(h). Section 2255(h) bars second or successive motions unless the appropriate court of appeals certifies that such a motion contains newly discovered evidence or involves a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h)(1)–(2). However, this provision is irrelevant here because there is nothing in the record to demonstrate that Swehla ever filed a first motion under § 2255. Respondent confirms that "Swehla . . . has never filed a motion to vacate, set aside or correct his [federal] sentence pursuant to 28 U.S.C. § 2255." (Doc. No. 5, Resp. 2.)

Swehla may believe that his December 2010 "Petition for Writ of Error Coram Nobis" in the Northern District of Iowa qualifies as a first motion under 28 U.S.C. § 2255. But his *coram nobis* action did not involve a collateral attack on the imposition of his *federal* sentence from the distribution-of-morphine case for which he is currently incarcerated. Rather, he asked the Northern District of

Iowa to undo his state court convictions on grounds they were unlawfully obtained. *Swehla v. State of Iowa*, Civ. No. 1:10-158-EJM, Doc. No. 1 at 6 (N.D. Iowa Dec. 16, 2010) (discussing issues with his 1994 burglary conviction and stating that "Petitioner moves to attack his unconstitutional and unlawful convictions"). Although Swehla asserted that he was suffering "adverse consequences" as a result of the enhancement of his federal sentence as a career offender, he raised that issue to establish an element of the legal standard he believed applied to his petition for the writ of *coram nobis* to invalidate his prior *state* convictions. *Id.*, Doc. No. 1 at 7, 10. Swehla's *coram nobis* petition cannot be construed as a motion collaterally attacking his federal sentence or conviction.

More importantly, Swehla bases his savings-clause argument on a flawed legal theory. Even if Swehla were precluded from filing a second or successive motion under § 2255(h), such a prohibition does not trigger the savings clause. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (confirming that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied . . . or because petitioner has been denied permission to file a second or successive § 2255 motion . . . or because a second or successive § 2255 motion has been dismissed"). The reason for this rule is simple: if the prohibition on second or successive motions alone made the § 2255 remedy "inadequate or ineffective," the "savings clause would eviscerate the second or successive motions bar, and prisoners could file an endless

stream of § 2255 motions, none of which could be dismissed without a determination of the merits of the claims they raise." *Gilbert v. United States*, 640 F.3d 1293, 1307–08 (11th Cir. 2011). In other words, if Swehla were correct, the savings clause would nullify the limitations placed on filing second or successive motions.

For these reasons, Swehla has failed to show that in his case the statutory bar to bringing a second § 2255 motion has made "the remedy by motion . . . inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

### 2. Swehla's *Descamps* argument

As noted above, Swehla argues that a § 2255 motion made in the sentencing court would be inadequate or ineffective, and he should be allowed to proceed on his § 2241 Petition, because he had no reasonable opportunity prior to this Petition to present his argument based on the Supreme Court's June 2013 ruling in *Descamps.* (*See* Pet. 3, 6.) As best this Court can discern, Swehla believes that because his conviction was several years old when *Descamps* was decided, the one-year statute of limitations for bringing a motion under § 2255 has expired, and thus a § 2255 motion in the Northern District of Iowa, the court that sentenced him, would be "inadequate or ineffective."

Motions under § 2255 are subject to a one-year limitations period under 28 U.S.C. § 2255(f). As it relates to this case, § 2255(f) provides that the one-year period begins to run on either "the date on which the judgment of conviction

14

becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[,]" whichever is later. 28 U.S.C. §§ 2255(f)(1) & (3). If subsection (f)(3) does not extend the limitations period and provide Swehla an opportunity to bring a motion in the Northern District of Iowa because *Descamps* is not retroactively applicable to cases on collateral review, then the limitations period for Swehla to file a motion under § 2255 would have expired several years ago under subsection (f)(1), when his conviction became final. No matter how this statute-of-limitations analysis plays out, however, this Court cannot provide the relief Swehla requests of this Court because, as explained below, he either: (1) has an opportunity to raise his claims in the sentencing court; or (2) is prevented from raising them in this Court under § 2241 because the savings clause does not apply.

### (a) If *Descamps* is retroactively applicable

If the *Descamps* ruling initially recognized a new right less than one year ago, and that ruling is retroactively applicable to cases on collateral review, then Swehla may file his first § 2255 motion in the Northern District of Iowa and take his shot at convincing the sentencing court that the enhancement of his sentence as a career offender was unlawful. *See* 28 U.S.C. § 2255(f)(3). Respondent appears to believe that Swehla has this opportunity with the sentencing court. Citing subsection (f)(3), Respondent argues that the one-year limitations period

has not run because Swehla's claim is based on the decision of the Supreme Court in *Descamps*, which is less than a year old.  (Doc. No. 5, Resp. 5.)

However, Respondent has not discussed whether *Descamps* is retroactively applicable to cases on collateral review, nor whether it newly recognized a right, both of which are conditions for the statute of limitations to have a later starting date under § 2255(f)(3).  *See Dodd v. United States*, 545 U.S. 353, 358 (2005) (explaining that the clause in subsection (f)(3) extending the starting date for the running of the limitations "does not apply at all if the conditions in the second clause—the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review'—have not been satisfied"); *cf. Strickland v. English*, Civ. No. 5:13-248-RS-EMT, 2013 WL 4502302, at *8 (N.D. Fla. Aug. 22, 2013) (relying on the conclusion in *Tyler v. Cain*, 533 U.S. 656, 663 (2001), that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive").  Regardless, we need not decide whether *Descamps* is, in fact, retroactively applicable to cases on collateral review because, if it is retroactively applicable and otherwise satisfies the conditions of subsection (f)(3), Swehla can still raise his claims in the sentencing court, and this Court has no jurisdiction to consider Swehla's collateral attack on his sentence.  For this reason, Swehla's Petition must be dismissed.

Building on its argument that Swehla cannot bring the claims in his Petition under § 2241 in this District, Respondent requests, as an alternative, that we

construe this matter as a motion under § 2255 and transfer this action to the Northern District of Iowa. This Court concludes that transferring this action would not be appropriate here. This Court has recommended a disposition that will leave open the opportunity for Swehla to file a § 2255 motion in the sentencing court in which he can raise the claims he has attempted to bring here. Denying this Petition and "declining to transfer it will best preserve both the rights of [Swehla] and the independent authority of the sentencing court." *Modena v. United States*, Civ. No. 05-2358, 2005 WL 3116605, at *2 n.3 (D. Minn. Nov. 21, 2005). For this reason, this Court recommends that Respondent's motion to dismiss not be granted to the extent it requests this proceeding be transferred to the Northern District of Iowa.

In addition, Swehla's case appears to present another barrier to obtaining habeas relief in this Court if *Descamps* is retroactively applicable. Although Swehla is correct that he could not have raised his *Descamps* challenge before *Descamps* was decided, the cases analyzing the savings clause do not provide that every intervening decision of the Supreme Court provides a new opportunity for a prisoner to apply for the writ of habeas corpus under § 2241. Instead, the savings clause allows a prisoner to petition for the writ when an intervening Supreme Court decision changes or clarifies the law in such a way that the prisoner is "being held in prison for a nonexistent crime," or stated differently, that the prisoner is actually innocent. *See Davenport*, 147 F.3d at 610. Claims of actual innocence based on an intervening Supreme Court decision are directed

17

at the legality of a prisoner's *conviction* because of a change in the law or a resolution of an open question in statutory language. *Id.* (explaining that a Supreme Court decision on which the petitioner Nichols based his collateral challenge "resolved an open question [of the definition of 'use' in the statute criminalizing use of a firearm in connection with a drug offense,] so mere possessors convicted before [the Court's resolution of the meaning of] use were convicted of a nonexistent crime"). Here, Swehla makes no claim that he was actually innocent of the crime of distributing morphine within 1,000 feet of a protected location, or that *Descamps* changed or resolved any aspect of the statute defining that crime. Therefore, Swehla's collateral challenge to his sentence does not implicate any claim of actual innocence of the crime for which he was convicted that is required to trigger the savings clause under these precedents. Accordingly, Swehla's Petition is not properly before this Court.

Further, some courts have discussed the possibility that the savings clause might allow a prisoner to bring a habeas petition to challenge his sentence if the sentence he is attacking exceeds the statutory maximum for the offense of conviction. *See Gilbert*, 640 F.3d at 1306 n.14 (declining to decide whether a prisoner may use an initial § 2255 motion or a § 2241 petition by virtue of the savings clause to raise a sentencing error if the prisoner's sentence exceeded the statutory maximum). But "the savings clause does not apply to sentencing errors that do not push the term of imprisonment beyond the statutory maximum." *Id.* at 1319 n.20. As discussed above, *see* discussion *supra* at p. 2–3, Swehla

was sentenced to 262 months imprisonment for distributing morphine in violation of 21 U.S.C. § 841(a)(1), and because he committed the offense within 1,000 feet of a school, the statutory maximum sentence applicable to his crime was at least twice the maximum 240-month punishment (480 months) he could have received under 21 U.S.C. § 841(b)(1)(C). Thus, because Swehla is attempting to challenge a sentencing error that did not push the term of imprisonment he received (262 months) beyond the statutory maximum punishment he could have received (480 months), the savings clause does not apply even if the *Descamps* decision applies retroactively to his case. If, after this case is dismissed, Swehla decides to pursue his first § 2255 motion in the Northern District of Iowa, this fact may also prevent him from obtaining any relief in that court because a claim that the Guidelines were misapplied is not cognizable in a first § 2255 motion when the sentence imposed is within the statutory maximum authorized for the offense of conviction. *See Sun-Bear v. United States*, 644 F.3d 700, 704–06 (8th Cir. 2011) (concluding that a prisoner could not bring a challenge to his sentence in a first § 2255 motion where a sentence enhancement as a career offender under the Armed Career Criminal Act resulted in a sentence that did not exceed the statutory maximum penalty for the crime of conviction, second-degree murder).

### (b) If *Descamps* is not retroactively applicable

Swehla's Petition in this Court for habeas relief fares no better if *Descamps* is not retroactively applicable to cases on collateral review. As the Seventh Circuit explained in *Davenport*, if the Supreme Court reaches a decision after a

prisoner's conviction becomes final, and makes that decision "applicable only to future cases," then the prisoner's claim would "wash out." 147 F.3d at 610. Other courts agree that retroactivity is a prerequisite for application of the savings clause. *See, e.g.*, *Reyes-Requena*, 243 F.3d at 904 (holding that the savings clause of § 2255 applies to a claim that is "based on a retroactively applicable Supreme Court decision that establishes that the petitioner may have been convicted of a nonexistent offense"). In other words, if *Descamps* is not retroactively applicable, any new rule of law it announced is of no use to Swehla, and the savings clause cannot save his challenge. For this additional reason, the Court lacks jurisdiction to consider the merits of Swehla's Petition under § 2241.

### 3.    An Alternative Basis for Dismissal

As described in the preceding sections, the District of Minnesota does not have jurisdiction over Swehla's habeas Petition because Swehla has failed to show that a § 2255 motion in the sentencing court would be "inadequate or ineffective" as those terms are used in § 2255(e). This Court has prepared this Report and Recommendation "to submit to [the District Court] proposed findings of fact and recommendations for the disposition" of this case, 28 U.S.C. § 636(b)(1)(B). Given the complex relationship between § 2255 and §2241, particularly in cases involving questions of retroactivity, we believe that it would be useful for the efficient disposition of this case for this Court to include in this Report and Recommendation an alternative basis for dismissal based on the merits. If the District Court concludes that we do have the authority to adjudicate

20

the grounds for relief asserted in Swehla's Petition, the following describes this Court's findings, conclusions, and recommended disposition with respect to the merits.

Based on a review of the Petition, neither the *Descamps* decision nor any other argument raised in it, provides a basis for the relief Swehla seeks.  In *Descamps*, the Court explained that its prior decisions allowed sentencing courts to apply either a "categorical approach" or a "modified categorical approach" when determining whether an offense qualifies as a violent felony including "burglary, arson, or extortion" for purposes of the Armed Career Criminal Act's career offender provision, 133 S. Ct. at 2281–82, which is treated as "virtually identical" to the term "crime of violence" in the career offender provision in the Guidelines § 4B1.2.  *See United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008); *see also Gilbert*, 640 F.3d at 1309 n.16 (explaining that the term "violent felony" is virtually identical to "crime of violence" in the Guidelines § 4B1.1, "so that decisions about one apply to the other").  Under the categorical approach, sentencing courts simply compare the elements of the statute under which the defendant was convicted to the "generic offense" (as defined by common law) of burglary, arson, or extortion if the statute's elements are the same as, or narrower than, those of the generic offense.  If the elements match, the prior offense can be used as a predicate offense for career-offender determination, and if they do not, the prior offense cannot be used to deem the defendant a career offender.  *See Descamps*, 133 S. Ct. at 2281.  Under the "modified

categorical approach," sentencing courts are permitted to consult a limited class of documents, such as an indictment or jury instructions, if the prior conviction is for violating a "divisible statute" that sets out one or more elements of the offense in the alternative, so that one alternative matches the generic offense, but the other does not. *Id.* As an example of such a divisible statute, the Court discussed a burglary law that criminalizes entry into a building *or* an automobile. *Id.*

In *Descamps* itself, however, the Court was called upon to consider whether sentencing courts could appropriately invoke the modified categorical approach when the predicate offense involved a conviction under an "indivisible" statute that criminalizes a "broader swath of conduct than the relevant generic offense." *Id.* at 2281–82. Specifically, *Descamps* involved sentencing a federal defendant as a career offender based on a prior conviction under a California burglary statute that criminalized entry into a building but did not require that entry to be unlawful. *Id.* at 2282 (discussing the broader swath of conduct covered by the California burglary law at issue). Thus, because the generic crime of burglary requires unlawful entry, the elements of the California statute did not match the generic burglary offense. The Court held that in such a case the sentencing courts may not resort to the modified categorical approach, and may only compare the elements of the statute to that of the generic crime to see if they match. *Id.* at 2282.

The Iowa law under which Swehla was convicted of burglary in 1994 is not

an over-inclusive, indivisible statute like the one at issue in *Descamps*. Iowa's

burglary law, which is the same today as it was in 1994 when Swehla was

convicted, provides as follows:

> Any person, having the intent to commit a felony, assault or theft
> therein, who, *having no right, license or privilege to do so*, enters an
> occupied structure, such occupied structure not being open to the
> public, or who remains therein after it is closed to the public or after
> the person's right, license or privilege to be there has expired, or any
> person having such intent who breaks an occupied structure,
> commits burglary.

Iowa Code Ann. § 713.1 (emphasis added). Unlike the California statute at issue

in *Descamps*, the Iowa burglary statute does not criminalize conduct that

involves a defendant's lawful presence in a building, but only punishes those who

enter a structure "having no right, license or privilege to do so," or who remain

there after their rights to be there have expired. Iowa's law is instead like the

over-inclusive, divisible statute hypothesized in *Taylor v. United States*, 495 U.S.

575, 602 (1990), because its use of the term "structure" includes unlawful entry of

both buildings (an entry that corresponds to an element in generic burglary), and

automobiles (an entry that does not correspond to an element in generic

burglary). *Taylor*, 495 U.S. at 602 (discussing the hypothetical divisible statute

justifying resort to the modified categorical approach); *Descamps*, 133 S. Ct. at

2283–84 (explaining the difference between the hypothetical divisible statute

discussed in *Taylor* and the over-inclusive but indivisible California statute at

issue in the case before the Court); *see also Weaver v. State of Iowa*, 949 F.2d

1049, 1050 (8th Cir. 1991) (explaining that "the Iowa Supreme Court has clearly stated that entering a land vehicle for the purpose of theft is burglary") (citing *State v. Williams*, 409 N.W.2d 187, 188 (Iowa 1987)). Thus, Swehla's *Descamps*-based claims fails on its merits because no part of the *Descamps* decision is applicable to cases like his that involve divisible statutes such as the Iowa burglary law that applied to his 1994 conviction. *See United States v. Chazen*, Crim. No. 10-332 (ADM/JJK), 2013 WL 4504295, at *4 (D. Minn. Aug. 23, 2013) (explaining that the *Descamps* decision affirmed that sentencing courts may properly consider court documents from a prior conviction when the statute under which the defendant was convicted is over-inclusive and divisible).

## III. Conclusion

This Court recommends that the Petition be denied, and that Respondent's motion to dismiss be granted in part to the extent it requests that this case be dismissed for lack of jurisdiction. Swehla's Petition challenges the imposition of his sentence, which can only be brought under 28 U.S.C. § 2241 if he can show that the remedy by a motion under 28 U.S.C. § 2255 is "inadequate or ineffective." He has failed to make that showing. The bar against filing second or successive § 2255 motions does not make the remedy by motion inadequate or ineffective as a matter of law, and it is not even implicated in this case because Swehla has never filed a § 2255 motion before. Swehla has also failed to show that his § 2255 remedy would be inadequate or ineffective by the expiration of the statute of limitations or the alleged retroactivity of the *Descamps*

24

decision.  If as Swehla suggests, *Descamps* is retroactively applicable and recognized a new right for the first time, the statute of limitations could be extended to allow him to bring his first § 2255 motion in the sentencing court.  If *Descamps* is not retroactively applicable to cases on collateral review, then it will not apply to Swehla's claims, and this would not render the remedy by § 2255 motion inadequate or ineffective.  Thus, under any of these scenarios, we lack jurisdiction to consider Swehla's claims and this matter must be dismissed.

The upshot of all this is that Swehla can choose whether he wants to file a first § 2255 motion in the Northern District of Iowa.  This Court has identified several barriers to relief Swehla is likely to encounter if he chooses to do so.  For instance: Swehla's sentencing-error claim may not be cognizable in a § 2255 motion because the sentence he received was within the statutory maximum sentence applicable to his conviction; *Descamps* may not be retroactively applicable to cases on collateral review, which would mean Swehla could not use it as a basis for relief in his case years after his conviction became final; and *Descamps* applies to a different type of sentencing error than the one that Swehla asserts in his Petition, thus dooming his claim on its merits.  But, given the nature of Swehla's challenge, the procedural posture of his Petition, and the limits on this District's jurisdiction, this Court concludes that it is appropriate for the Northern District of Iowa, and not the courts of this District, to address these and any other issues Swehla may decide to bring before it.

# RECOMMENDATION

Based on the above, and on all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    The Petition (Doc. No. 1), be **DENIED**;

2.    Respondent's Motion to Dismiss (Doc. No. 5), be **GRANTED IN PART**; and

3.    This action be **DISMISSED**.

Date: September 26, 2013

_s/ Jeffrey J. Keyes_
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 10, 2013,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.