# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Peter Swehla,<br><br>    Petitioner,<br><br>v.<br><br>Denese Wilson,<br><br>    Respondent. | Case No. 13-cv-1919 (SRN/JJK)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Paul Peter Swehla, Sandstone, Minnesota 55072, *Pro Se* Petitioner.

Sarah E. Hudleston, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner's Objections [Doc. No. 10] to United States Magistrate Judge Jeffrey J. Keyes's September 26, 2013, Report and Recommendation [Doc. No. 7]. The Magistrate Judge recommended that: (1) the Petition for Writ of Habeas Corpus [Doc. No. 1] be denied; (2) Respondent's Motion to Dismiss [Doc. No. 5] be granted in part; and (3) this action be dismissed. (Sept. 26, 2013, Report and Recommendation at 26 [Doc. No. 7].) The Government responded to Petitioner's Objections to the Report and Recommendation. [Doc. No. 12]. On November 4, 2013, Petitioner filed a "Combined Motion to Strike and Reply to Respondent's Response," [Doc. No. 13], which is also before the Court. For the

1

reasons set forth below, the Court overrules Petitioner's Objections, adopts the Report and Recommendation, and denies Petitioner's "Combined Motion to Strike and Reply to Respondent's Response."

## II. BACKGROUND

The Report and Recommendation documents the factual and procedural background of this case, which the Court incorporates by reference. Briefly stated, Petitioner is confined at the Federal Correctional Institute in Sandstone, Minnesota. This confinement is pursuant to a conviction and sentencing in the United States District Court, Northern District of Iowa for distributing morphine within 1,000 feet of a protected location, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860. (J. in a Criminal Case at 1 in United States v. Swehla, case number 6:02-cr-2035 [Doc. No. 64].) Based on Petitioner's prior state-court convictions—including one for third-degree burglary in 1994—the district court for the Northern District of Iowa sentenced Petitioner as a career offender to a 262-month term of imprisonment, followed by a 6-year term of supervised release. (Id. at 2-3.) Petitioner directly appealed his sentence, which the Eighth Circuit affirmed. United States v. Swehla, 442 F.3d 1143, 1147 (8th Cir. 2006).

In December 2010, Petitioner filed a "Petition for Writ of Error Coram Nobis" in the district court for the Northern District of Iowa, arguing that his state-court convictions were unlawful. (*Pro Se* Petition for Writ of Habeas Corpus in Swehla v. State of Iowa, 1:10-cv-158 [Doc. No. 1].) On June 7, 2011, the district court dismissed this petition. (J. in Favor of State of Iowa, case number 1:10-cv-158 [Doc. No. 15].) Petitioner does not appear to have filed a motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255 in

the Northern District of Iowa.

On July 17, 2013, Petitioner filed a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court, District of Minnesota. (Pet. for Writ of Habeas Corpus [Doc. No. 1].) On August 22, 2013, the Government responded to the Petition and moved to dismiss or transfer the § 2241 habeas petition. (Government's Resp. and Mot. to Dismiss or Transfer § 2241 Habeas Pet. [Doc. No. 5].) On September 26, 2013, the Magistrate Judge recommended that: (1) the Petition be denied; (2) Respondent's Motion to Dismiss be granted in part; and (3) the action be dismissed. (Sept. 26, 2013, Report and Recommendation at 26 [Doc. No. 7].) Petitioner objected to the Report and Recommendation [Doc. No. 10], and the Government responded to Petitioner's Objections [Doc. No. 12]. On November 4, 2013, Petitioner sought to strike the Government's most recent response, alleging that it is "redundant, unauthorized, and misleading." (Pet'r's Combined Mot. to Strike and Reply to Resp't's Resp. at 1 [Doc. No. 13].)

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D.Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the magistrate judge. D.Minn. LR 72.2(b)(3).

As to an underlying challenge to a federal sentence, a petitioner generally must do so in the sentencing court through 28 U.S.C. § 2255 and not 28 U.S.C. § 2241. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). Whereas a § 2255 motion involves a challenge to the imposition of a sentence, a § 2241 motion involves a challenge to the execution of a sentence. See Mickelson v. United States, No. 01-1750, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002). A motion under § 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his conviction or sentence, except under limited circumstances where the remedy under § 2255 would be "inadequate or ineffective."[1] See Abdullah, 392 F.3d at 959. To establish that a remedy is inadequate or ineffective,

> there must be more than a procedural barrier to bringing a § 2255 petition . . . § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred.

Id. Moreover, a prisoner cannot raise an issue in a § 2241 motion that could have been or was actually addressed in the § 2255 motion filed in the sentencing district. Hill v. Morrison, 349 F.3d 1089, 1092 (8th Cir. 2003). A federal prisoner should be allowed to

---

[1] The requirement that a petitioner must first show that § 2255 is "inadequate or ineffective" comes from the savings clause in § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

seek habeas corpus under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." Lapsley v. United States, No. 11-20, 2012 WL 2904766, at *7 (D. Minn. June 6, 2012).

## III. DISCUSSION

At the outset, the Court agrees with the Magistrate Judge's observation that because Petitioner is challenging the validity of his sentence and not its execution, the Court has jurisdiction over his § 2241 petition only if the remedy under § 2255 is "inadequate or ineffective." (Sept. 26, 2013, Report and Recommendation at 11 [Doc. No. 7].) Petitioner argues that a § 2255 motion is inadequate or ineffective because he previously filed such a motion and cannot bring a second or successive motion under § 2255(h), and the one-year statute of limitations for bringing a § 2255 motion passed before the United States Supreme Court issued Descamps v. United States, 133 S. Ct. 2276 (2013). (See Pet. for Writ of Habeas Corpus at 3 [Doc. No. 1]; Pet'r's Objections to Magistrate's Report and Recommendation at 3 [Doc. No. 10].) Petitioner also argues that "controlling Eighth Circuit case law [sic] specifically states that Petitioner's Guidelines claim is not cognizable in a § 2255." (Pet'r's Combined Mot. to Strike and Reply to Resp't's Resp. at 2 [Doc. No. 13].) The Court addresses these arguments in turn.

### A. Motion to Dismiss

#### 1. Second or Successive Motion

Under 28 U.S.C. § 2255(h), a second or successive motion is barred unless it is certified by a panel of the appropriate court of appeals to contain newly discovered

evidence, or involves a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h)(1)-(2). The Court agrees with the Magistrate Judge's observation that this subsection is irrelevant because the record does not show that Petitioner filed a first motion under § 2255. (Sept. 26, 2013, Report and Recommendation at 12 [Doc. No. 7].) Moreover, even if Petitioner had filed a first motion under § 2255, the rule barring him from filing a second or successive motion does not render the savings clause applicable because it is merely a procedural barrier. See Abdullah, 392 F.3d at 959. Thus, Petitioner's arguments on this issue do not support a finding that the § 2255 remedy is inadequate or ineffective.

### 2. United States v. Descamps

Petitioner also argues that a § 2255 motion is inadequate or ineffective because the one-year statute of limitations for bringing such a motion expired by the time the Supreme Court decided Descamps in June 2013. In relevant part to this case, § 2255(f) provides that the one-year limitations period begins to run on either "the date on which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §§ 2255(f)(1), (3). Under § 2255(f)(1), the limitations period expired several years ago when the judgment of conviction became final. But it is possible under § 2255(f)(3) that Descamps extends the limitations period, allowing Petitioner to file a § 2255 motion in the Northern District of Iowa. Whether Descamps extends the limitations period depends on whether it recognizes a new right and is "retroactively available to cases on collateral review." See id. § 2255(f)(3).

6

The Magistrate Judge properly concluded that he need not determine whether <u>Descamps</u> applies retroactively to cases on collateral review, because either way, relief under § 2241 is unavailable in this Court. (Sept. 26, 2013, Report and Recommendation at 16 [Doc. No. 7].) If <u>Descamps</u> is retroactively applicable, and the other conditions of § 2255(f)(3) are met, Petitioner can file a § 2255 motion in the Northern District of Iowa. Thus, the remedy under § 2255 is not inadequate or ineffective. And if <u>Descamps</u> does not apply retroactively, Petitioner cannot meet the requirements under § 2255(f)(3) and is barred from § 2255 relief.[2] As discussed earlier, procedural barriers to filing a § 2255 motion, alone, are not enough to show that such a remedy is inadequate or ineffective.

### 3. Challenge to Guidelines Enhancement

Petitioner further objects that the remedy under § 2255 is inadequate or ineffective because he is "prohibited from challenging a Guideline enhancement in a § 2255 Motion." (Pet'r's Objections to Magistrate's Report and Recommendation at 3 [Doc. No. 10].) Petitioner cites the Magistrate Judge's observation that "a claim that the Guidelines were misapplied is not cognizable in a first § 2255 motion when the sentence imposed is within the statutory maximum authorized for the offense of conviction." (<u>Id.</u>; Sept. 26, 2013, Report and Recommendation at 19 [Doc. No. 7].) Here, Petitioner's 262-month term of imprisonment was less than the 480-month statutory maximum that he could have received.

The Court respectfully disagrees that Petitioner has shown the remedy under § 2255 to be inadequate or ineffective. First, Petitioner has not pursued any § 2255 relief in the

---

[2] Moreover, if <u>Descamps</u> is not retroactively applicable, any new rule of law it may announce does not apply to Petitioner.

7

Northern District of Iowa. Therefore, the argument that he is prohibited from challenging a guideline enhancement is purely speculative. Second, even if the sentencing court denies any § 2255 motion that Petitioner may file, failure to obtain such relief does not establish that the remedy is either inadequate or ineffective. Davenport v. Nickrenz, No. 13-2273, 2013 WL 5919069, at *7 (D. Minn. Nov. 4, 2013). As other courts have explained:

> Petitioner's section 2255 motion in the sentencing court was an adequate and effective remedy to test the legality of his detention inasmuch as that court considered and ruled on the identical issue presented in the instant petition for a writ of habeas corpus. *The fact that the motion was denied does not mean that it was an ineffective or inadequate procedural device.* True, it did not effect petitioner's release. The purpose of the statute, however, is not necessarily to end a prisoner's detention, but rather 'to test' its legality. The adoption of petitioner's argument would mean that, because of a possible application of different legal principles by the court confronted with a habeas petition and the court which has already ruled on a section 2255 motion, a prisoner would have the right in every instance to retest the legality of his detention.

Cain v. Markley, 347 F.2d 408, 410 (7th Cir. 1965) (emphasis added). Here, Petitioner may file a § 2255 motion in the Northern District of Iowa, and this sentencing court can test the legality of Petitioner's detention. Therefore, Petitioner has not established that the remedy under § 2255 is inadequate or ineffective.

For all of these reasons, the savings clause does not apply, and this Court lacks jurisdiction over Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2241. Consequently, it does not reach the merits of Petitioner's arguments concerning Descamps, and it dismisses the § 2241 petition.

### B. Motion to Transfer

Finally, the Court considers Respondent's request to transfer this action to the

Northern District of Iowa. Petitioner may raise his claims under Descamps via a § 2255 motion in the sentencing court if that remedy is still available to him. Persuaded by the dual need to preserve Petitioner's rights and the sentencing court's independent authority, see Modena v. United States, No. 05-2358, 2005 WL 3116605, at *2 n.3 (D. Minn. Nov. 21, 2005), the Court agrees with the Magistrate Judge's determination that transferring this case to the Northern District of Iowa would be inappropriate. Thus, the Court denies Respondent's motion to dismiss to the extent it requests a transfer of this case.

## IV. ORDER

The Court therefore **OVERRULES** Petitioner's Objections [Doc. No. 10], **ADOPTS** the Magistrate Judge's September 26, 2013, Report and Recommendation [Doc. No. 7], and **DENIES** Petitioner's "Combined Motion to Strike and Reply to Respondent's Response" [Doc. No. 13]. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**;

2. Respondent's Motion to Dismiss [Doc. No. 5] is **GRANTED IN PART**;

3. Petitioner's "Combined Motion to Strike and Reply to Respondent's Response" [Doc. No. 13] is **DENIED**, and

4. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 27, 2013        s/ Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Court Judge

9